MRE.7385

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| **REBECCA MCCOY HORRIGAN,** | § | |
| **INDIVIDUALLY, AND AS** | § | |
| **PERSONAL REPRESENTATIVE OF** | § | |
| **THE ESTATE OF MATTHEW** | § | |
| **MCCOY, DECEASED,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 4:16-cv-29** |
| **v.** | § | |
| | § | |
| **TRIPLE D SUPPLY, LLC; DOAK #28,** | § | |
| **LIMITED LIABILITY COMPANY;** | § | |
| **SOUTHWEST LEASING, LLC; AND** | § | |
| **JAY JOSEPH DILORENZO,** | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT C -
## DEFENDANTS' NOTICE OF REMOVAL

CAUSE NO. _____16-04-21479-CVR_____

| | |
|---|---|
| REBECCA MCCOY HORRIGAN, INDIVIDUALLY, § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF MATTHEW MCCOY, § | |
| AN INCAPACITATED PERSON § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| v. § | REEVES COUNTY, TEXAS |
| § | |
| TRIPLE D SUPPLY, LLC; § | |
| DOAK #28, LIMITED LIABILITY COMPANY; § | |
| SOUTHWEST LEASING, LLC; and § | |
| JAY JOSEPH DILORENZO § | |
| § | |
| DEFENDANTS. § | 143rd JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **REBECCA MCCOY HORRIGAN, INDIVIDUALLY, AND AS NEXT FRIEND OF MATTHEW MCCOY, AN INCAPACITATED PERSON** ("Plaintiffs") complaining of **TRIPLE D SUPPLY, LLC** ("Triple D"), **DOAK #28, LIMITED LIABILITY COMPANY** ("Doak"), **SOUTHWEST LEASING, LLC** ("Southwest Leasing"), and **JAY JOSEPH DILORENZO** ("Dilorenzo") (collectively, the "Defendants") and files this PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE and in furtherance thereof would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiffs intend that discovery be conducted under Discovery Level 3 of the *Texas Rules of Civil Procedure*.

### II.
### PARTIES AND SERVICE

2.    Plaintiff Rebecca McCoy Horrigan, individually, and as next friend of Matthew

McCoy, an incapacitated person is an individual residing at 77 CR 2767, Rye, Liberty County, Texas.

3.  Defendant Triple D is a limited liability company doing business in Texas and may be served with process by serving its company representative at its principal place of business located in Anthony, El Paso County, Texas at 8802 S. Desert Blvd.

4.  Defendant Doak is a limited liability company doing business in Texas and may be served with process by serving its company representative at its principal place of business located in Anthony, El Paso County, Texas at 8802 S. Desert Blvd.

5.  Defendant Southwest Leasing is a limited liability company doing business in Texas and may be served with process by serving its company representative at its principal place of business located in Las Cruces, Dona Ana County, New Mexico at 350 Crawford.

6.  Defendant Jay Joseph Dilorenzo is an individual and may be served with process at his place of residence located in Englewood, Sarasota County, Florida at 1425 Saint Claire.

## III.
## JURISDICTION AND VENUE

7.  The Court has jurisdiction over this matter as this is an action for damages in excess of the minimum jurisdictional limits of the Court and the Defendants operate their businesses in Texas and/or have committed torts in whole or in part within the state of Texas.  Plaintiff seeks more than $1,000,000 in damages.  Venue is proper in Reeves County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.001(a) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Reeves County, Texas.

## IV.
## FACTS

8.  Defendants Triple D, Doak and Southwest Leasing are in the business of, among other things, facilitating the transport of various goods using commercial trucks and trailers in and throughout several states, including the state of Texas.  Defendant Triple D is a motor carrier

registered with the U.S. Department of Transportation USDOT No. 306572 in the business of transporting trucks, trailers and goods in interstate commerce.

9.      In April 2016, Defendant Dilorenzo was, on information and belief, employed by Defendants as a commercial truck driver.   As part of his employment, Defendant Dilorenzo was responsible for driving tractor trailers on highways in and between multiple states, including the state of Texas.   On April 6, 2016, Defendant Dilorenzo, while, on information and belief, acting within the course and scope of employment with Defendants, was driving a white 2016 commercial tractor trailer VIN No. 3AKJGLD54GSHD1722 along Interstate Highway 20.   On information and belief, the vehicle being driven by Defendant Dilorenzo was owned and/or leased by Defendants and was regularly used as part of their business operation.

10.      While driving along I-20 Defendant Dilorenzo approached a construction zone and a road maintenance crew in a convoy of vehicles.   The road maintenance crew was slowed and/or stopped in order to perform maintenance on the roadway.   At the rear of the road maintenance convoy was a safety warning vehicle containing numerous safety lights and warnings signs indicating that all traffic must slow, stop and/or move to the left-hand lane of traffic.   Defendant Dilorenzo, on information and belief, wholly ignored all safety lights and warnings, passed the rear safety vehicle at a high rate of speed and subsequently veered back into the lane where the road maintenance crew was performing work.   Defendant Dilorenzo then lost control of his vehicle, slammed his tractor trailer into a vehicle that was situated in the front of the road maintenance crew convoy and flipped his own tractor trailer onto its side.

11.      Plaintiff Matthew McCoy was an occupant of the road maintenance crew vehicle struck by Defendant Dilorenzo.   As a result of the incident and the preceding negligence of Defendants, Plaintiff Dilorenzo was caused to suffer serious, life threatening and permanent injuries for which Defendants should be held responsible.

---

## V.
## NEGLIGENCE OF DEFENDANT DILORENZO

12.    Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

13.    In Texas, drivers must follow the Rules of the Road in order to prevent death and destruction on the roadway.

14.    A driver is never allowed to needlessly endanger other motorists on the roadway.  If a driver needlessly endangers another motorist, and as a result the motorist is injured, the driver must be held responsible.

15.    A driver must always keep a proper lookout in order to protect the public.  If a driver fails to keep a proper lookout, and as a result someone is injured, the driver must be held responsible.

16.    A driver must always keep a safe distance from the vehicles in front of them to prevent causing serious injury or death to other drivers.  If a driver fails to keeps a safe distance from vehicles in front of them, and as a result another motorist is injured, the driver must be held responsible.

17.    On or about April 6, 2016, Defendant Dilorenzo operated a commercial vehicle in a negligent manner and violated the duty which Defendant owed Plaintiff to exercise ordinary care in the operation of said motor vehicle in at least one of the following particulars:

   (1) Needlessly endangering Plaintiff by failing to maintain control of his vehicle;

   (2) Failing to obey the directions or instructions of a traffic control device or roadway markings [Tex. Transp. Code § 544.004];

   (3) Driving his vehicle in a manner that is in willful or wanton disregard for the safety of persons or property [Tex. Transportation Code, § 545.401];

   (4) Failing to maintain an assured safe distance from Plaintiff's vehicle [Tex. Transp. Code § 545.062];

   (5) Failing to remain attentive while driving a vehicle;

(6)     Failing to control the speed of his vehicle while in a construction zone with workers present in violation of, among other things, Tex. Transp. Code § 545.351;

(7)     In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

(8)     Failing to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including the speed and proximity of other vehicles while driving;

(9)     In failing to keep the vehicle he was driving under proper control, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

(10)    Failing to apply his brakes in a reasonable and timely fashion;

(11)    In failing to turn his vehicle in another direction to avoid an impending collision, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances; and

(12)    Other acts of negligence and violations of subchapters and subsections of the Texas Transportation Code, Title VII, which violations of statute constitute negligence *per se*.

18.     Each of these acts and omissions occurring separately or in combination constituted negligence and proximately caused the collision and Plaintiff's injuries and damages.

## VI.
## NEGLIGENCE OF DEFENDANTS TRIPLE D, DOAK AND SOUTHWEST LEASING

19.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

20.     Companies who place commercial vehicles on the roadway must always hire qualified drivers.  If a company fails to do so, and as a result someone is injured, the company must be held responsible.

21.     Companies who place commercial vehicles on the roadway must always properly train their drivers.  If a company fails to do so, and as a result someone is injured, the company must be held responsible.

22.     Companies who place commercial vehicles on the roadway must always properly

supervise their drivers.  If a company fails to do so, and as a result someone is injured, the company must be held responsible.

23.     Defendants committed acts and omissions of negligence, violating the duty which Defendants owed Plaintiff to exercise ordinary care in the ownership, maintenance and operation of a commercial motor vehicle and/or as motor carriers engaged in interstate commerce in at least one of the following particulars:

    (1)    Failing to hire qualified drivers;

    (2)    Failing to properly train drivers of commercial vehicles;

    (3)    Failing to have safety policies and procedures for its drivers;

    (4)    Failing to properly supervise drivers of commercial vehicles;

    (5)    Failing to properly inspect and maintain driver records; and

    (6)    In violating one or more provisions of the Federal Motor Carrier Safety Regulations (FMCSR) including without limitation Parts 383, 385, 387, 390, 391 and 395.

24.     In addition, Defendant Dilorenzo was an unfit driver and Defendants knew or should have known this fact.   Nevertheless, Defendant negligently entrusted their vehicle to Defendant Dilorenzo, allowing him to drive a commercial vehicle along Interstate 20 on the day in question.   Each of the foregoing acts and omissions occurring separately or in combination constituted negligence and proximately caused the collision and Plaintiff's injuries and damages..

## VII.
## NEGLIGENCE PER SE

25.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

26.     Plaintiffs contends that Defendants' conduct violated the Texas Transportation Code Annotated and other statutes governing the operation of motor vehicles in the State of Texas. Violations of those statutes are negligence per se and that negligence proximately caused the collision and Plaintiff's injuries.

27.     For example, on the occasion in question, Defendants' conduct described herein constituted an unexcused breach of duty imposed by TEX. TRANSP. CODE ANN. § 545.351 which states:

> **An operator... shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.**

28.     Also by way of example, on the occasion in question, Defendant's conduct described herein constituted an unexcused breach of the duty imposed by TEX. TRANSP. CODE ANN. § 545.062 which states:

> **An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle.**

29.     Each of such acts and omissions by Defendants, singularly or in combination with others, constituted negligence per se by Defendants.

## VIII.
## GROSS NEGLIGENCE

30.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows

31.     In Texas, the fatality rate of Texas roadways increased 2.16% from 2013 to 2014. One person was killed every 2 hours, and one person was injured every 2 minutes, and one reportable crash occurred every 66 seconds.

32.     On the day in question, Defendant Dilorenzo drove a commercial truck and trailer at highway speeds into and through a slow moving and/or stopped road maintenance crew, past highly-visible warning lights and signs.  Dilorenzo would have been subjectively aware of the extremely dangerous nature of his acts, yet demonstrated a callous disregard for safety or human life by continuing to drive at a high rate of speed around and through the road maintenance crew

---

convoy.   Any objective or reasonable person would view this method of driving as extremely reckless, unsafe and likely to cause serious injury or death.

33.   The Corporate Defendants knowingly hired, trained, supervised the driver and operated the vehicle in an outrageous and extremely dangerous manner in total disregard of the rights and safety of Plaintiff and the public.

34.   Defendants knew or should have known that their dangerous and outrageous hiring, training and supervision of Defendant Dilorenzo would cause injuries and death.  This behavior has resulted in unnecessary injuries and personal property damage to Plaintiff.

35.   The conduct of Defendants was reckless and grossly negligent, and such conduct was a proximate and producing cause of the damages claimed herein.  Accordingly, Plaintiff seeks and is entitled to recover exemplary damages in addition to his actual damages.

## IX.
## VICARIOUS LIABILITY & RESPONDEAT SUPERIOR

36.   Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

37.   Defendants Triple D, Doak and Southwest Leasing are jointly and severally liable for the above mentioned acts and omissions of Defendant Dilorenzo.  Plaintiffs invoke the common law doctrines of agency liability, respondeat superior and/or vicarious liability for the acts and omissions of Defendant Dilorenzo.

38.   In addition, under the Federal Motor Carrier Safety Regulations ("FMCSR"), motor carriers have a duty to control leased vehicles operated for their benefit.  As a result, Defendants Triple D, Doak and Southwest Leasing are the statutory employers of Defendant Dilorenzo, and therefore, are jointly and severally liable for the above-mentioned acts and omissions of Defendant Dilorenzo.

39.   Defendants Triple D, Doak and Southwest Leasing are liable for the wrongful actions and omissions of its current and former employees and agents under Texas law and should

be held liable for every act and omission of Defendant Dilorenzo and any and all damages resulting therefrom.

## X.
## PLAINTIFFS' DAMAGES

40.    Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

41.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Matthew McCoy was caused to suffer personal injuries, and to incur the following damages:

(1)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

(2)    Reasonable and necessary medical care and expenses which, in all probability, will be incurred in the future;

(3)    Loss of wage earning capacity in the past;

(4)    Loss of wage earning capacity which, in all probability, will be incurred in the future;

(5)    Loss of household services in the past;

(6)    Loss of household services which, in all probability, will be incurred in the future;

(7)    Physical pain and suffering in the past;

(8)    Physical pain and suffering which, in all probability, will be incurred in the future;

(9)    Mental anguish in the past;

(10)   Mental anguish which, in all probability, will be incurred in the future;

(11)   Physical impairment in the past;

(12)   Physical impairment which, in all probability, will be suffered in the future;

(13)   Disfigurement in the past; and

(14)   Disfigurement which, in all probability, will be incurred in the future.

42.     Also as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Rebecca McCoy Corrigan was caused to suffer personal injuries, and to incur the following damages:

    (1)     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

    (2)     Reasonable medical care and expenses which, in all probability, will be incurred in the future.

## XI.
## EXEMPLARY DAMAGES

43.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

44.     The negligence of Defendants described above occurred as a result of the type of conscious indifference and reckless disregard toward the safety of others as to allow for the award of exemplary or punitive damages under Texas law. Such conduct, as described more fully herein constitutes gross negligence. As a result, Plaintiff hereby makes a claim for exemplary or punitive damages against Defendants. Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## XII.
## JURY DEMAND

45.     Plaintiffs demand a jury trial and tender the appropriate fee with this its Original Petition and Request for Disclosure.

## XIII.
## REQUEST FOR DISCLOSURE TO DEFENDANTS

46.     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are requested to disclose, within fifty (50) days of service of this request, any and all information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a)-(l).

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF ZIMMERMAN,
ZIMMERMAN, COTNER, LEJEUNE
& RESSETAR**
A Professional Corporation

/s/ Michael Zimmerman

Michael Zimmerman
State Bar No. 22271400
3501 West Waco Drive
Waco, Texas  76710
(254) 752-9688
(254) 752-9680 (facsimile)
mzimmerman@thezimmermanlawfirm.com

AND

**JOHNSON HOBBS SQUIRES, LLP**
Rod S. Squires
State Bar No. 18979300
Ryan C. Johnson
State Bar No. 24048574
The Roosevelt Tower
400 Austin Avenue, Suite 903
Waco, Texas 76701
(254) 732-2242
(866) 627-3509 (facsimile)
rsquires@jhsfirm.com
rjohnson@jhsfirm.com

**ATTORNEYS FOR PLAINTIFFS**

# FOR RETURN

PAT TARIN
REEVES COUNTY DISTRICT CLERK
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

ATTORNEY FOR PLAINTIFF
OR PLAINTIFF:
MICHAEL ZIMMERMAN
3501 WEST WACO DRIVE
WACO, TX 76710

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GREETING: Defendant

**SOUTHWEST LEASING**
**SERVING ITS COMPANY REPRESENTATIVE**
**350 CRAWFORD**
**LAS CRUSES, NM**

You are hereby commanded to appear by filing a written answer to the Plaintiff's FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on APRIL 13,2016, in this case, numbered 16-04-21479-CVR on the docket of said court, and styled:

**REBECCA MCCOY HORRIGAN, INDIVIDUALLY, AND AS NEXT FRIEND OF MATTHEW MCCOY, AN INCAPACITATED PERSON**
**VS.**
**TRIPLE D SUPPLY, LLC**
**DOAK #28, LIMITED LIABILITY COMPANY**
**SOUTHWEST LEASING, LLC; AND JAY JOSEPH DILORENZO**

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 13th day of April, 2016.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
MISTY THOMAS, DEPUTY

CITATION – REGULAR

16-04-21479-CVR
Plaintiff's FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

## SHERIFF'S RETURN

Came to hand the _____ day of _____, 2_____ at _____ o'clock _____.M., and executed in _____ County, State of _____. I do hereby CERTIFY that I delivered to the below-named Defendant (or Respondent), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

| NAME | DATE MONTH/DAY/YEAR | HOUR/MIN | PLACE |
|------|---------------------|----------|-------|
| _____ | _____ | _____ | _____ |

    Not executed for the following reason: _____ _____. Information received as to the whereabouts of the said Defendant (or Respondent) is: _____

    I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
    Total fee for serving this citation . . . $_____

To certify which, Witness my hand officially.

                                 SHERIFF of _____ County
                                 State of _____

                                 BY: _____, DEPUTY

                                 Printed Name of Deputy

    Subscribed and sworn to by _____ (the above named) before me this the _____ date of _____, 20 _____, to certify which, witness my hand and seal of office.

                                 _____

TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE.
(THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE AUTHORIZE TO TAKE AFFIDAVITS.)
                                CERTIFICATE OF DELIVERY
    I do hereby certify that I delivered to _____,
_____ on the _____ day of _____, 20 _____, at _____ o'clock _____. M. this copy of this instrument.

                   State of _____
                   By: _____ Deputy

Misty Thomas
Pat Tar
DistrictCle
Reeves County, Texi

CAUSE NO. 16-04-21479-CVR

| | |
|---|---|
| REBECCA MCCOY HORRIGAN, INDIVIDUALLY, §<br>AND AS PERSONAL REPRESENTATIVE OF THE §<br>ESTATE OF MATTHEW MCCOY, DECEASED §<br>§<br>PLAINTIFFS, §<br>§<br>v. §<br>§<br>TRIPLE D SUPPLY, LLC; §<br>DOAK #28, LIMITED LIABILITY COMPANY; §<br>SOUTHWEST LEASING, LLC; and §<br>JAY JOSEPH DILORENZO §<br>§<br>DEFENDANTS. § | IN THE DISTRICT COURT OF<br><br><br><br>REEVES COUNTY, TEXAS<br><br><br>143rd JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, REBECCA MCCOY HORRIGAN, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MATTHEW MCCOY, DECEASED ("Plaintiffs") complaining of TRIPLE D SUPPLY, LLC ("Triple D"), DOAK #28, LIMITED LIABILITY COMPANY ("Doak"), SOUTHWEST LEASING, LLC ("Southwest Leasing"), and JAY JOSEPH DILORENZO ("Dilorenzo") (collectively, the "Defendants") and files this PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE and in furtherance thereof would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 3 of the *Texas Rules of Civil Procedure*.

### II.
### PARTIES AND SERVICE

2.     Plaintiff Rebecca McCoy Horrigan, individually, and as personal representative of the

---

Estate of Matthew McCoy is an individual residing at 77 CR 2767, Rye, Liberty County, Texas.

3.    Defendant Triple D is a limited liability company doing business in Texas and may be served with process by serving its company representative at its principal place of business located in Anthony, El Paso County, Texas at 8802 S. Desert Blvd.

4.    Defendant Doak is a limited liability company doing business in Texas and may be served with process by serving its company representative at its principal place of business located in Anthony, El Paso County, Texas at 8802 S. Desert Blvd.

5.    Defendant Southwest Leasing is a limited liability company doing business in Texas and may be served with process by serving its company representative at its principal place of business located in Las Cruces, Dona Ana County, New Mexico at 350 Crawford.

6.    Defendant Jay Joseph Dilorenzo is an individual and may be served with process at his place of residence located in Englewood, Sarasota County, Florida at 1425 Saint Claire.

### III.
### JURISDICTION AND VENUE

7.    The Court has jurisdiction over this matter as this is an action for damages in excess of the minimum jurisdictional limits of the Court and the Defendants operate their businesses in Texas and/or have committed torts in whole or in part within the state of Texas. Plaintiff seeks more than $1,000,000 in damages. Venue is proper in Reeves County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.001(a) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Reeves County, Texas.

### IV.
### FACTS

8.    Defendants Triple D, Doak and Southwest Leasing are in the business of, among other things, facilitating the transport of various goods using commercial trucks and trailers in and throughout several states, including the state of Texas. Defendant Triple D is a motor carrier

registered with the U.S. Department of Transportation USDOT No. 306572 in the business of transporting trucks, trailers and goods in interstate commerce.

9.     In April 2016, Defendant Dilorenzo was, on information and belief, employed by Defendants as a commercial truck driver. As part of his employment, Defendant Dilorenzo was responsible for driving tractor trailers on highways in and between multiple states, including the state of Texas. On April 6, 2016, Defendant Dilorenzo, while, on information and belief, acting within the course and scope of employment with Defendants, was driving a white 2016 commercial tractor trailer VIN No. 3AKJGLD54GSHD1722 along Interstate Highway 20. On information and belief, the vehicle being driven by Defendant Dilorenzo was owned and/or leased by Defendants and was regularly used as part of their business operation.

10.     While driving along I-20 Defendant Dilorenzo approached a construction zone and a road maintenance crew in a convoy of vehicles. The road maintenance crew was slowed and/or stopped in order to perform maintenance on the roadway. At the rear of the road maintenance convoy was a safety warning vehicle containing numerous safety lights and warnings signs indicating that all traffic must slow, stop and/or move to the left-hand lane of traffic. Defendant Dilorenzo, on information and belief, wholly ignored all safety lights and warnings, passed the rear safety vehicle at a high rate of speed and subsequently veered back into the lane where the road maintenance crew was performing work. Defendant Dilorenzo then lost control of his vehicle, slammed his tractor trailer into a vehicle that was situated in the front of the road maintenance crew convoy and flipped his own tractor trailer onto its side.

11.     Plaintiff Matthew McCoy was an occupant of the road maintenance crew vehicle struck by Defendant Dilorenzo. As a result of the incident and the preceding negligence of Defendants, Plaintiff Dilorenzo was caused to suffer serious, life threatening and permanent injuries which ultimately resulted in his untimely death and for which Defendants should be held

responsible.

## V.
## NEGLIGENCE OF DEFENDANT DILORENZO

12.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

13.     In Texas, drivers must follow the Rules of the Road in order to prevent death and destruction on the roadway.

14.     A driver is never allowed to needlessly endanger other motorists on the roadway. If a driver needlessly endangers another motorist, and as a result the motorist is injured, the driver must be held responsible.

15.     A driver must always keep a proper lookout in order to protect the public. If a driver fails to keep a proper lookout, and as a result someone is injured, the driver must be held responsible.

16.     A driver must always keep a safe distance from the vehicles in front of them to prevent causing serious injury or death to other drivers. If a driver fails to keeps a safe distance from vehicles in front of them, and as a result another motorist is injured, the driver must be held responsible.

17.     On or about April 6, 2016, Defendant Dilorenzo operated a commercial vehicle in a negligent manner and violated the duty which Defendant owed Plaintiff to exercise ordinary care in the operation of said motor vehicle in at least one of the following particulars:

    (1)     Needlessly endangering Plaintiff by failing to maintain control of his vehicle;

    (2)     Failing to obey the directions or instructions of a traffic control device or roadway markings [Tex. Transp. Code § 544.004];

    (3)     Driving his vehicle in a manner that is in willful or wanton disregard for the safety of persons or property [Tex. Transportation Code, § 545.401];

    (4)     Failing to maintain an assured safe distance from Plaintiff's vehicle [Tex. Transp. Code § 545.062];

(5)    Failing to remain attentive while driving a vehicle;

(6)    Failing to control the speed of his vehicle while in a construction zone with workers present in violation of, among other things, Tex. Transp. Code § 545.351;

(7)    In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

(8)    Failing to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including the speed and proximity of other vehicles while driving;

(9)    In failing to keep the vehicle he was driving under proper control, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances;

(10)    Failing to apply his brakes in a reasonable and timely fashion;

(11)    In failing to turn his vehicle in another direction to avoid an impending collision, as would have been done by a very cautious person exercising a high degree of prudence under the same or similar circumstances; and

(12)    Other acts of negligence and violations of subchapters and subsections of the Texas Transportation Code, Title VII, which violations of statute constitute negligence *per se*.

18.    Each of these acts and omissions occurring separately or in combination constituted negligence and proximately caused the collision and Plaintiff's injuries and damages.

## VI.
## NEGLIGENCE OF DEFENDANTS TRIPLE D, DOAK AND SOUTHWEST LEASING

19.    Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

20.    Companies who place commercial vehicles on the roadway must always hire qualified drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

21.    Companies who place commercial vehicles on the roadway must always properly train their drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

22.     Companies who place commercial vehicles on the roadway must always properly supervise their drivers.  If a company fails to do so, and as a result someone is injured, the company must be held responsible.

23.     Defendants committed acts and omissions of negligence, violating the duty which Defendants owed Plaintiff to exercise ordinary care in the ownership, maintenance and operation of a commercial motor vehicle and/or as motor carriers engaged in interstate commerce in at least one of the following particulars:

    (1)     Failing to hire qualified drivers;

    (2)     Failing to properly train drivers of commercial vehicles;

    (3)     Failing to have safety policies and procedures for its drivers;

    (4)     Failing to properly supervise drivers of commercial vehicles;

    (5)     Failing to properly inspect and maintain driver records; and

    (6)     In violating one or more provisions of the Federal Motor Carrier Safety Regulations (FMCSR) including without limitation Parts 383, 385, 387, 390, 391 and 395.

24.     In addition, Defendant Dilorenzo was an unfit driver and Defendants knew or should have known this fact.   Nevertheless, Defendant negligently entrusted their vehicle to Defendant Dilorenzo, allowing him to drive a commercial vehicle along Interstate 20 on the day in question.   Each of the foregoing acts and omissions occurring separately or in combination constituted negligence and proximately caused the collision and Plaintiff's injuries and damages..

## VII.
## NEGLIGENCE PER SE

25.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

26.     Plaintiffs contends that Defendants' conduct violated the Texas Transportation Code Annotated and other statutes governing the operation of motor vehicles in the State of Texas. Violations of those statutes are negligence per se and that negligence proximately caused the

collision and Plaintiff's injuries.

27.     For example, on the occasion in question, Defendants' conduct described herein constituted an unexcused breach of duty imposed by TEX. TRANSP. CODE ANN. § 545.351 which states:

> An operator... shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

28.     Also by way of example, on the occasion in question, Defendant's conduct described herein constituted an unexcused breach of the duty imposed by TEX. TRANSP. CODE ANN. § 545.062 which states:

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle.

29.     Each of such acts and omissions by Defendants, singularly or in combination with others, constituted negligence per se by Defendants.

## VIII.
## GROSS NEGLIGENCE

30.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows

31.     In Texas, the fatality rate of Texas roadways increased 2.16% from 2013 to 2014. One person was killed every 2 hours, and one person was injured every 2 minutes, and one reportable crash occurred every 66 seconds.

32.     On the day in question, Defendant Dilorenzo drove a commercial truck and trailer at highway speeds into and through a slow moving and/or stopped road maintenance crew, past highly-visible warning lights and signs. Dilorenzo would have been subjectively aware of the extremely dangerous nature of his acts, yet demonstrated a callous disregard for safety or human life

by continuing to drive at a high rate of speed around and through the road maintenance crew convoy. Any objective or reasonable person would view this method of driving as extremely reckless, unsafe and likely to cause serious injury or death.

33.    The Corporate Defendants knowingly hired, trained, supervised the driver and operated the vehicle in an outrageous and extremely dangerous manner in total disregard of the rights and safety of Plaintiff and the public.

34.    Defendants knew or should have known that their dangerous and outrageous hiring, training and supervision of Defendant Dilorenzo would cause injuries and death. This behavior has resulted in unnecessary injuries and personal property damage to Plaintiff.

35.    The conduct of Defendants was reckless and grossly negligent, and such conduct was a proximate and producing cause of the damages claimed herein. Accordingly, Plaintiff seeks and is entitled to recover exemplary damages in addition to his actual damages.

## IX.
## SURVIVAL ACTION

36.    Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

37.    Plaintiff Rebecca McCoy Horrigan is the personal representative of the Estate of Matthew McCoy, Deceased.

38.    The decedent had a cause of action for personal injury to his person before he died, which he would have been entitled to bring if he had lived, as he was aware of impending death and suffered actual and conscious physical pain and mental anguish.

39.    Defendants' wrongful acts caused the decedent's injuries and death, as set forth specifically above.

40.    Plaintiff has suffered actual injuries, as set forth below and is entitled to actual and exemplary damages for Defendants' negligence and gross negligence.

## X.
## VICARIOUS LIABILITY & RESPONDEAT SUPERIOR

41.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

42.     Defendants Triple D, Doak and Southwest Leasing are jointly and severally liable for the above mentioned acts and omissions of Defendant Dilorenzo.  Plaintiffs invoke the common law doctrines of agency liability, respondeat superior and/or vicarious liability for the acts and omissions of Defendant Dilorenzo.

43.     In addition, under the Federal Motor Carrier Safety Regulations ("FMCSR"), motor carriers have a duty to control leased vehicles operated for their benefit.  As a result, Defendants Triple D, Doak and Southwest Leasing are the statutory employers of Defendant Dilorenzo, and therefore, are jointly and severally liable for the above-mentioned acts and omissions of Defendant Dilorenzo.

44.     Defendants Triple D, Doak and Southwest Leasing are liable for the wrongful actions and omissions of its current and former employees and agents under Texas law and should be held liable for every act and omission of Defendant Dilorenzo and any and all damages resulting therefrom.

## XI.
## PLAINTIFFS' DAMAGES

45.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

46.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Matthew McCoy was caused to suffer severe and permanent injuries, as well as his death, and for which Plaintiff now seeks compensation for the following:

(1)     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

(2)     Conscious pain and suffering of Matthew McCoy;

(3)     Mental anguish of Matthew McCoy;

(4)     Medical, funeral and burial expenses of Matthew McCoy; and

(5)     Any other pecuniary losses of Matthew McCoy as the result of the incident and/or of his death.

47.     Also as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Rebecca McCoy Corrigan was caused to suffer personal injuries, and to incur the following damages:

(1)     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

(2)     Loss of consortium in the past as the result of the death of Matthew McCoy, her son;

(3)     Loss of consortium reasonably anticipated in the future as the result of the death of Matthew McCoy, her son;

(4)     Any other pecuniary losses incurred by Rebecca McCoy Corrigan as a result of the injury and death of Matthew McCoy, her son.

## XII.
## EXEMPLARY DAMAGES

48.     Plaintiffs hereby incorporate all preceding paragraphs and further allege as follows.

49.     The negligence of Defendants described above occurred as a result of the type of conscious indifference and reckless disregard toward the safety of others as to allow for the award of exemplary or punitive damages under Texas law. Such conduct, as described more fully herein constitutes gross negligence. As a result, Plaintiff hereby makes a claim for exemplary or punitive damages against Defendants. Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## XIII.
## JURY DEMAND

50.     Plaintiffs demand a jury trial and tender the appropriate fee with this its Original Petition and Request for Disclosure.

## XIV.
## REQUEST FOR DISCLOSURE TO DEFENDANTS

51.     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are requested to disclose, within fifty (50) days of service of this request, any and all information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a)-(l).

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**JOHNSON HOBBS SQUIRES, LLP**

/s/ Ryan C. Johnson

---

Rod S. Squires
State Bar No. 18979300
Ryan C. Johnson
State Bar No. 24048574
The Roosevelt Tower
400 Austin Avenue, Suite 903
Waco, Texas 76701
(254) 732-2242
(866) 627-3509 (facsimile)
rsquires@jhsfirm.com
rjohnson@jhsfirm.com

**AND**

**LAW OFFICES OF ZIMMERMAN, ZIMMERMAN, COTNER, LEJEUNE & RESSETAR**
A Professional Corporation
Michael Zimmerman
State Bar No. 22271400
3501 West Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (facsimile)
mzimmerman@thezimmermanlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**